UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEAN LESSIN and JESSICA LESSIN, § § § Plaintiffs, § § v. § **CIVIL ACTION NO. H-05-1853** § (1) KELLOGG BROWN & ROOT, and § (2) FIRST KUWAITI GENERAL § TRADING & CONTRACTING § COMPANY, § § Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant First Kuwaiti General Trading & Contracting Company's Motion for Relief from Default Judgment (Doc. No. 86). For the reasons set forth below, Defendant's motion is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

### I. BACKGROUND

Plaintiffs Sean Lessin and Jessica Lessin are citizens of South Dakota. Sean Lessin served in the United States armed forces and was stationed in Iraq. Defendant First Kuwaiti General Trading & Contracting Company ("First Kuwaiti") is a Kuwaiti business entity.

On or about March 25, 2004, Sean Lessin provided a military escort for a commercial truck convoy that was allegedly owned, operated, or under the control of First Kuwaiti. The locking mechanism for a loading ramp on the rear of one of the trucks in the convoy failed, causing the truck to come to a stop in a combat zone. Lessin came to the assistance of the driver of this truck and, while rendering aid, was accidentally struck in the head by the truck's ramp assist arm. This blow caused Lessin to suffer a severe head injury.

Plaintiffs initially filed a negligence suit against Kellogg Brown & Root ("KBR"), a Delaware corporation based in Houston, Texas, alleging that KBR owned or operated the trucks in the convoy. KBR had a contract with First Kuwaiti, the terms of which required First Kuwaiti to perform services in Iraq and other neighboring nations on behalf of KBR. Thus, after some discovery, Plaintiffs subsequently filed an Amended Complaint adding First Kuwaiti as a defendant. The summons and amended complaint appear to have been served on First Kuwaiti on March 29, 2006, pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. First Kuwaiti failed to file an answer within the required time, so Plaintiffs obtained a default judgment against First Kuwaiti on October 12, 2006. On November 6, 2006, First Kuwaiti appeared and filed a motion for relief from the default judgment. Shortly thereafter, on November 20, 2006, Defendant KBR was dismissed from the case without prejudice.

First Kuwaiti argues that the default judgment against it should be set aside on two grounds: under Federal Rule of Civil Procedure 60(b)(4) because the judgment is void due to lack of personal jurisdiction, or, in the alternative, under Rule 60(b)(1) because of "mistake, inadvertence, surprise, or excusable neglect." Each argument will be addressed in turn.

## II. PERSONAL JURISDICTION

Under Federal of Civil Procedure 60(b)(4), a court may relieve a party from a final judgment if the judgment is void. A judgment is void under Rule 60(b)(4) if the court lacks jurisdiction over either the subject matter or the parties. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). Here, First Kuwaiti argues that this Court lacks personal jurisdiction over it.

A federal district court sitting in diversity generally conducts a two-step inquiry to determine whether it has personal jurisdiction over a nonresident defendant.  First, the Court must consider whether exercising jurisdiction comports with constitutional due process.  If due process is met, the Court must next determine whether the forum state's long arm statute confers personal jurisdiction.  *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).  Because the Texas Long Arm Statute is coextensive with the limitations of due process, however, questions of personal jurisdiction in Texas are analyzed entirely within the framework of constitutional due process.  *Id*.; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 et seq. (Vernon 2004).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a nonresident defendant when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'"  *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The minimum contacts requirement can be met through contacts sufficient to confer either specific or general jurisdiction.  *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).  Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."  *Id*. (quotations omitted).  General jurisdiction can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation.  *Id*.

The burden of proof for establishing personal jurisdiction rests with the plaintiff. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).

### A. Specific Jurisdiction

A court has specific jurisdiction over a cause of action when "the defendant's contacts with the forum 'arise from, or are directly related to, the cause of action.'" *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (quoting *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). Where jurisdiction is alleged to rest upon a nonresident defendant's contact with a resident of the forum state, a court should evaluate the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" in determining whether the defendant has purposefully availed itself of the privilege of conducting business in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985); *see also Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985) ("[W]e look to the factors of prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing . . . .").

In this case, Plaintiffs contend that this Court has specific jurisdiction over First Kuwaiti because the cause of action arose out of First Kuwaiti's contract with Houston-based KBR. First Kuwaiti allegedly operated the commercial truck convoy pursuant to its contract with KBR. Thus, Plaintiffs argue that when Sean Lessin suffered the head injury, First Kuwaiti was performing its obligations under its contract with KBR.

First Kuwaiti argues that this fact is insufficient to establish specific jurisdiction. The Court agrees. Plaintiffs' arguments regarding First Kuwaiti's contract with KBR are an attempt to characterize this action as one arising in contract, but that is not the case. This is a simple tort action. Plaintiffs are seeking to recover damages for personal injuries sustained in an accident

that occurred in Iraq. In tort actions, specific jurisdiction exists when the tort is committed within the forum state, or when an act is performed outside the state that causes tortious injury within the forum state. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999). Even a tort committed outside the state that has consequences or effects within the forum state can suffice as a basis for jurisdiction if the effects were intended or were highly likely to follow from the nonresident defendant's conduct. *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). But none of those scenarios exist in this case. The accident that injured Sean Lessin occurred in Iraq, not Texas. The accident did not cause any tortious injury in Texas. And the effects of the tort were not even felt within Texas, as Plaintiffs are both citizens of South Dakota. Because this is a tort action, First Kuwaiti's contract with KBR is irrelevant to the specific jurisdiction analysis. KBR is not even a party to the case any longer. Thus, because First Kuwaiti, the only alleged tortfeasor, is not a citizen of Texas, because the tort did not occur in Texas, and because the effects of the tort were not felt in Texas, this Court does not have specific jurisdiction over First Kuwaiti.

### B. General Jurisdiction

Even when a court is without specific jurisdiction over a defendant, it may nevertheless have general jurisdiction. To make a prima facie showing of general jurisdiction, a plaintiff must produce evidence affirmatively demonstrating that the defendant's contacts with the forum state are substantial, continuous, and systematic. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000). This test is difficult to meet because it requires a showing of extensive contacts between the defendant and the forum state. *Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). If a plaintiff establishes minimum

contacts between the defendant and the forum state, then the defendant has the burden of proving that the assertion of jurisdiction is unfair and unreasonable. *Cent. Freight*, 322 F.3d at 384.

In this case, Plaintiffs argue that First Kuwaiti's contacts with Texas are substantial, continuous, and systematic as a result of its long-term, ongoing contract with Houston-based KBR. Specifically, they maintain that First Kuwaiti has purposely availed itself of the benefits and protections of the state of Texas by contracting with a Houston-based corporation, agreeing that Texas law would apply to any disputes arising under the contract, having a long-term business relationship with First Kuwaiti, and presumably engaging in communications with First Kuwaiti in carrying out the contract.

It is well established, however, that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). In fact, the Fifth Circuit has repeatedly held that the combination of the existence of a contract between the nonresident defendant and a resident of the forum, engaging in communications related to the execution and performance of the contract, and mailing payments to the forum state are insufficient to establish the necessary minimum contacts. *Id.* (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir.1986); *Stuart v. Spademan*, 772 F.2d 1185, 1192-94 (5th Cir.1985)).

In this case, the connection between First Kuwaiti and Texas is even more attenuated. The contract between First Kuwaiti and KBR was negotiated and executed outside of the United States. Payments under the contract were never mailed to Texas, but rather to Kuwait, since First Kuwaiti was the supplier of services. While the contract did contain a Texas choice-of-law provision, the Fifth Circuit has held that a choice-of-law provision alone is insufficient to confer jurisdiction. *Stuart*, 772 F.2d at 284 n.4. Finally, and most significantly, performance under the

contract took place solely in Iraq and Kuwait—never Texas.  Simply being hired by a Texas-based corporation to perform services outside this U.S. does not amount to the substantial, continuous and systematic contacts with Texas necessary to establish general jurisdiction.  Thus, Plaintiffs have not met their burden of establishing either specific or general jurisdiction.

### C. Fair Play and Substantial Justice

Even if Plaintiffs had established specific or general jurisdiction, forcing First Kuwaiti to defend itself in Texas would not comport with fair play and substantial justice.  Where a plaintiff establishes minimum contracts between a defendant and forum state, the Due Process Clause forbids the exercise of personal jurisdiction where it nonetheless would "offend traditional notions of fair play and substantial justice."  *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987) (quotations omitted); *Cent. Freight*, 322 F.3d at 384.  In making such a determination, a court must balance:  (1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *Asahi*, 480 U.S. at 113; *Cent. Freight*, 322 F.3d at 384.

Here, the burden on First Kuwaiti to defend itself in Texas would be great.  It is a Kuwaiti corporation with its principal place of business in Kuwait, and it is unfamiliar with the U.S. legal system.  All of the relevant events in this case occurred outside of Texas, so the truck and all of the witnesses are outside of Texas.  Furthermore, since KBR has been dismissed from this suit, Texas no longer has any interest in adjudicating this dispute.  All that remains are Plaintiffs and a Defendant with no connection to Texas.  Exercising personal jurisdiction over First Kuwaiti under these circumstances would not comport with fair play and substantial justice.

In sum, Plaintiffs have failed to establish that First Kuwaiti is subject to either specific or general jurisdiction in Texas. Even if they could, forcing First Kuwaiti to defend itself in Texas would offend traditional notions of fair play and substantial justice. Thus, this Court does not have personal jurisdiction over First Kuwaiti. In light of that fact, the default judgment entered against First Kuwaiti is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4).

### III. MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT

Under Federal of Civil Procedure 60(b)(1), a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. While the Court is of the opinion that First Kuwaiti has likely established excusable neglect, this issue need not be reached, as the default judgment must be set aside under Rule 60(b)(4) for voidness.

### IV. CONCLUSION

Because this Court does not have personal jurisdiction over Defendant First Kuwaiti, the Court hereby **GRANTS** Defendant's motion to set aside the default judgment. The case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of June, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT